## CIRCUIT COURT OF THE CITY OF RICHMOND

Lawrence F. Strong

    v.

Nationwide Insurance Co.

August 12, 1976

Case No. 8993

By JUDGE ALEX H. SANDS, JR.

There is but a single issue before the court for determination, that being whether upon applying for an receiving a binder for insurance covering his property the property owner is bound by exclusions which appear in the policy of insurance later issued, a loss having occurred before issuance of the policy.

This appears to be the first occasion upon which this question has arisen in this state, at least it has not as yet reached our Supreme Court.

The cases relied upon by the defendant are not too helpful inasmuch as the pertinent statements in these decisions appear to be dicta. But even though they were not dicta, the court would not feel bound by these decisions in view of the factual situations presented in the cases.

The closest case to which the court has been cited upon the issue at hand is that of *Mutual Fire Ins. Co. of Montgomery County v. Goldstein*, 119 Md. 83, 86 A. 35. This is, of course, an old case, but it fairly well approaches the factual issues presented in the case at bar. Here Goldstein applied for a policy of fire insurance in the Mutual Fire Insurance Company of Montgomery County. He was issued a binder and prior to issuance of the policy a loss occurred. When the policy was issued it contained a provision that the policy would be void if the assured

had at the time of issuance of the policy any other outstanding contract of insurance upon the property in question. Goldstein, in fact, had two other policies of insurance outstanding at the time, and this fact was unknown either to the agent issuing the binder or to the company. The agent did not undertake to question Goldstein at the time concerning the existence of other insurance, nor did Goldstein inform the agent of the existence of such policy. The lower court held, and the holding was affirmed on appeal, that this provision in the policy could not void the policy where a valid binder had been issued and where at the time of issuance the agent did not undertake to inform the applicant of this policy provision. The court then goes on to approve the holding of the court in the case of *Clark v. Manufacturers Ins. Co.*, 8 How. 249, 12 L. Ed. 1061, to this effect:

> When representations are not asked or given, and with only this general knowledge, the insurer chooses to assume the risk, he must, in point of law, be deemed to do it at his peril. . . .

It must be presumed the insurer has, in person or by his agent, in such case, obtained all the information desired as to the premises insured, or ventures to take the risk without it, and that the insured, being asked nothing, has a right to presume that nothing on the risk is desired from him.

While this case deals with a provision of a policy voiding the policy upon the existence of certain facts, the court perceives no difference between this situation and the one involving an exclusion such as we have in the case at bar.

It would appear to the court that the reasoning in the *Goldstein* case is particularly applicable to the case at bar. Here the plaintiff was seeking to have his property covered protecting him against the risk of loss by theft. He had been told by the agent that it was necessary for him to lock his car. The evidence shows that this is precisely what he did. The court finds from the evidence that he was not told that his windows must be completely closed, and absent some instructions by the agent bearing on the point, it should not be presumed that the plaintiff

was charged with knowledge that leaving a crack of between one and one-half inches in his window while the rest of the car was securely locked, would violate a condition in the policy to be later issued to him.

For the above reasons, judgment will be for the plaintiff.